UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| OAKLEY, INC., a Washington Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:22-cv-1596 ) |
| BATTER'S BOX TRAINING, LLC an Indiana Limited Liability Company, SHAWN LESSOR, Individually, and BRANDI PIERSON, Individually, | ) ) ) ) ) ) |
| Defendants. | ) |

## **COMPLAINT**

Plaintiff, Oakley, Inc. ("Oakley") hereby sues Defendants Batter's Box Training, LLC, Shawn Lessor and Brandi Pierson (collectively "Defendants"), and alleges:

## **INTRODUCTION**

1. This case concerns the violation of the intellectual property rights of Oakley by Defendants' sale of sunglasses in Indiana bearing counterfeits of Oakley's trademarks (the "Counterfeit Merchandise"). Through this action, Oakley seeks to address Defendants' counterfeiting activities, as well as to protect unknowing consumers from purchasing low quality and potentially dangerous Counterfeit Merchandise. Oakley has been and continues to be irreparably harmed through consumer confusion and tarnishment of its valuable trademarks as a result of Defendants' unlawful actions.

04582663-1

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves a claim arising under the Lanham Act.

3.      Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants either reside, have their principal place of business, and/or continue to infringe Oakley's famous trademarks in this Judicial District.

## PARTIES

4.      Plaintiff, Oakley, Inc. is a corporation organized and existing under the laws of the State of Washington, having a principal place of business in Foothill Ranch, California. Oakley is an indirect wholly owned subsidiary of Luxottica Group S.p.A.

5.      Defendant, Batter's Box, LLC ("Batter's Box") is a limited liability company organized and existing under the laws of the State of Indiana, having a principal place of business at 3510 S. Keystone Avenue, Indianapolis, Indiana 46227. Batter's Box is directly engaging in the promotion and sale of counterfeit products within this Judicial District.

6.      Defendant, Shawn Lessor is a resident of Johnson County, Indiana. Lessor is a principal owner, officer, manager and director of Batter's Box and is one of the moving forces behind Batter Box's operations. Lessor is directly engaging in the promotion and sale of counterfeit products within this Judicial District.

7.      Defendant, Brandi Pierson is a resident of Marion County, Indiana. Pierson is a principal owner, officer, manager and director of Batter's Box and is one of the moving forces behind Batter Box's operations. Pierson is directly engaging in the promotion and sale of counterfeit products within this Judicial District.

## FACTUAL ALLEGATIONS

A.  **The World-Famous Oakley Brand and Products.**

8.  Oakley is an internationally recognized manufacturer, distributor and retailer of sports eyewear, apparel, footwear, outerwear, jackets, accessories and other related merchandise.

9.  Oakley products are distributed and sold to consumers through its own Oakley O stores, its affiliate's sun retail stores, authorized retailers, and via its internet website: www.oakley.com throughout the United States, including Indiana.

10. Oakley has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Oakley products, including but not limited to, those detailed in this Complaint.

11. Oakley has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Oakley trademarks. As a result, products bearing the Oakley trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Oakley and have acquired strong secondary meaning.

12. Oakley is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Oakley Trademarks"), among others:

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 1,984,501 | (Oakley ellipse logo) | For: protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, ear stems, frames, nose pieces and foam strips in class 9. |

| | | |
|---|---|---|
| 1,980,039 | OAKLEY | For: protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, ear stems, frames, nose pieces and foam strips in class 9. |
| 4,407,749 | RADARLOCK | For: eyewear, namely, sunglasses, sports goggles, spectacles and their parts and accessories, namely, replacement lenses, ear stems, frames, nose pieces and foam strips in class 9. |

13. Oakley has long been manufacturing and selling in interstate commerce eyewear under the Oakley Trademarks. These registrations are valid and subsisting and the majority are incontestable.

14. The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Oakley's exclusive right to use the Oakley Trademarks in connection with the goods identified therein and other commercial goods.

15. The registration of the marks also provides constructive notice to Defendants of Oakley's ownership and exclusive rights in the Oakley Trademarks.

16. The Oakley Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

17. The Oakley Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

B.      **Defendants' Infringing Conduct.**

18.     Defendant Batter Box engages in the sale of sunglasses and related accessories at youth sports tournaments in Indiana, as well as through its own retail sporting goods store.

19.     On May 15, 2022, Oakley's investigator visited the Edinburg Sports Complex Park located at 722 S. Eisenhower Dr, Edinburgh, IN 46124.  During this visit, Oakley's investigator discovered that Defendants were offering for sale and selling sunglasses bearing logos and source-identifying indicia that are imitations of one or more of the Oakley Trademarks.

20.     Oakley's investigator subsequently purchased one pair of sunglasses bearing reproductions of one or more of the Oakley Trademarks for a total of $20.00.  Below are photographs depicting the sunglasses purchased from Defendants on March 15, 2022:




21.     On June 17, 2022, Oakley's investigator visited Defendant's retail store located at 3510 S. Keystone Avenue, Indianapolis, Indiana 46227.  During this visit, Oakley's investigator discovered that Defendants were offering for sale and selling sunglasses bearing logos and source-identifying indicia that are imitations of one or more of the Oakley Trademarks.

22.     Oakley's investigator subsequently purchased one pair of sunglasses bearing reproductions of one or more of the Oakley Trademarks for a total of $20.00.  Below are photographs depicting the sunglasses purchased from Defendants on June 17, 2022:

04582663-1

 

23. Oakley subsequently inspected the purchased items and determined that the sunglasses bearing reproductions of Oakley's Trademarks were in fact counterfeit products that infringed one or more of the Oakley Trademarks. Specifically, the sunglasses contained markings that were inconsistent with markings found on authentic Oakley trademarked sunglasses.

24. Defendants have no license, authority, or other permission from Oakley to use any of the Oakley Trademarks in connection with the advertising, promoting, distributing, displaying, selling, and/or offering for sale of the Counterfeit Merchandise.

25. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Counterfeit Merchandise sold by Defendants are authentic or authorized products of Oakley.

26. The activities of Defendants, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Oakley.

27. Defendants are well aware of the extraordinary fame and strength of the Oakley brand, the Oakley Trademarks, and the incalculable goodwill associated therewith.

28. Defendant Lessor materially contributed to and facilitated the above-described infringement of the Oakley Trademarks by having permitted and continuing to permit the offering for sale and the sale of counterfeit and infringing Oakley trademarked items through Batter's Box notwithstanding (i) Lessor's knowledge of the offering for sale and the sale of the Counterfeit Merchandise, (ii) Lessor's constructive knowledge of the offering for sale and the sale of the Counterfeit Merchandise or, alternatively, (iii) Lessors's willful blindness to the offering for sale and the sale of the Counterfeit Merchandise.

29. Defendant Pierson materially contributed to and facilitated the above-described infringement of the Oakley Trademarks by having permitted and continuing to permit the offering for sale and the sale of counterfeit and infringing Oakley trademarked items through Batter's Box notwithstanding (i) Pierson's knowledge of the offering for sale and the sale of the Counterfeit Merchandise, (ii) Pierson's constructive knowledge of the offering for sale and the sale of the Counterfeit Merchandise or, alternatively, (iii) Pierson's willful blindness to the offering for sale and the sale of the Counterfeit Merchandise.

30. Defendants Lessor and Pierson each had and continue to have the right and ability to supervise the infringing conduct of Batter's Box and each has a direct financial interest in the infringing conduct; however, they continue to act with reckless disregard or willful blindness, effectively condoning Batter Box's unlawful activities.

31. Defendants' knowing and deliberate hijacking of Oakley's famous trademarks, and sale of Counterfeit Merchandise have caused, and continues to cause, substantial and irreparable harm to Oakley's goodwill and reputation. In addition, the damage caused by Defendants is especially severe because the Counterfeit Merchandise is cheap, inexpensive and inferior in quality to authentic Oakley products.

32. The harm being caused to Oakley is irreparable and Oakley does not have an adequate remedy at law. Oakley therefore seeks the entry of an injunction preventing the sale of counterfeit Oakley products by Defendants.

## COUNT I
### Trademark Infringement
### (15 U.S.C. § 1114)

33. Oakley repeats and realleges the allegations set forth in Paragraphs 1 through 32 above.

34. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of one or more of the Oakley Trademarks.

35. Defendants have distributed and sold products bearing counterfeits of one or more of the Oakley Trademarks without Oakley's permission.

36. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Counterfeit Merchandise offered for sale and sold by Defendants are authentic or authorized products of Oakley.

37. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Oakley.

38. Defendants have willfully infringed Oakley's Trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Oakley, Inc. respectfully requests that this Court enter judgment in its favor and against Defendants Batter's Box, LLC, Shawn Lessor and Brandi Pierson, jointly and severally, as follows:

A. Finding that: Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114);

B. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and 17 U.S.C. § 502, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, tenants, vendors and attorneys, and all those persons or entities in active concert or participation with her from:

1. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Oakley Trademarks, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Counterfeit Merchandise, and engaging in any other activity constituting an infringement of any of Oakley's rights in the Oakley Trademarks;

2. engaging in any other activity constituting unfair competition with Oakley, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Oakley;

C. Requiring Defendants to file with this Court and serve on Oakley within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

D. Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted,

supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Oakley, or is related in any way with Oakley and/or its products;

  E. Awarding Oakley statutory damages per counterfeit mark per type of good offered for sale in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

  F. Awarding Oakley its costs, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117);

  G. Awarding Oakley pre-judgment interest on any monetary award made part of the judgment against Defendant; and

  H. Awarding Oakley such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Oakley, Inc. requests a trial by jury in this matter.

Respectfully submitted,

*/s/ Zachary D. Prendergast*
Zachary D. Prendergast (IN # 28175-15)
Robbins, Kelly, Patterson & Tucker, LPA
312 Elm Street, Suite 2200
Cincinnati, Ohio 45202
(513) 721-3330 | (513) 721-5001 fax
zprendergast@rkpt.com

-and-

David B. Rosemberg
(*pro hac vice motion to be filed*)
ROSEMBERG LAW
20200 W. Dixie Hwy., Ste. 602
Miami, FL 33180
Tel: 305.602.2008
Fax: 305.602.0225
david@rosemberglaw.com

*Counsel for Plaintiff Oakley, Inc.*